UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
PERNORRIS TAYLOR, SR.

                Petitioner,

      -against-

HEMPSTEAD COURT,

                Respondent.
---------------------------------------------------------X
FEUERSTEIN, J.

**OPINION & ORDER**
**CV-10-1693 (SJF)**

On February 27, 2007, a judgment of conviction was entered against petitioner Pernorris Taylor, Sr. ("Petitioner") in the District Court of Nassau County, First District (Pardes, J.), upon a jury verdict finding him guilty of criminal possession of a controlled substance in the seventh degree (N.Y. Penal Law § 220.03), and the imposition of sentence. On April 12, 2010, petitioner filed a petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Nassau County District Attorney's Office, on behalf of Hempstead Court, ("Respondent") now moves to dismiss the petition. Petitioner has not opposed the motion. For the reasons set forth herein, respondent's motion is granted and the proceeding is dismissed.

I.     BACKGROUND

On February 27, 2007, a judgment of conviction was entered against petitioner in the First District Court of the County of Nassau, upon a jury verdict finding him guilty of criminal possession of a controlled substance in the seventh degree (N.Y. Penal Law § 220.03), and the imposition of sentence of a determinate term of imprisonment of six (6) months.

Petitioner appealed his judgment of conviction to the Supreme Court of the State of New York, Appellate Term, Ninth and Tenth Judicial Districts ("the Appellate Term"), on the grounds, *inter alia*, that he was deprived of his constitutional rights to due process and the effective assistance of counsel as a result of his court appointed counsel's failure to timely request pre-trial suppression hearings. By order dated February 27, 2009, the Appellate Term affirmed the judgment of conviction, finding: (1) that petitioner's ineffective assistance of trial counsel claim was largely not reviewable on direct appeal of the judgment of conviction "because it involve[d] matters outside the record concerning his counsel's reasons for not requesting particular hearings, which reasons might have been developed had an appropriate post-judgment * * * motion been made" pursuant to New York Criminal Procedure Law § 440.10; (2) that to the extent petitioner's ineffective assistance of trial counsel claim could be reviewed, "the record indicate[d] that [he] received meaningful representation[;]" and (3) that petitioner's remaining contentions were without merit. People v. Taylor, 22 Misc.3d 138(A), 2009 WL 531209 (N.Y. Sup. App. Term, 9th & 10th Jud. Dists. 2009) (unreported disposition). By order dated August 19, 2009, the New York Court of Appeals denied petitioner's application for leave to appeal the order of the Appellate Term. People v. Taylor, 13 N.Y.3d 750, 886 N.Y.S.2d 104, 914 N.E.2d 1022 (2009).

On April 12, 2010, after petitioner had completed serving his sentence[1], he filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging: (1) that he was deprived of a fair trial because "[t]he District Attorney and the Court(s) took [his] case straight to trial without giving [him] any hearings whatsoever[;]" and (2) that he was deprived of the effective assistance of counsel when his attorney "cut a deal" with counsel for his co-defendant, the individual who allegedly sold him drugs, "so that [he] would end up being convicted." (Petition [Pet.], ¶ 12). Petitioner does not seek relief from custody. Rather, petitioner seeks monetary damages for the violation of his constitutional rights and pain and suffering. (Pet., at 15).

Respondent now moves to dismiss the petition because petitioner was not "in custody" at the time he filed the petition. Petitioner has not opposed, or otherwise responded to, respondent's motion.

II. DISCUSSION

The pertinent statute, 28 U.S.C. § 2254(a), provides, in relevant part, that "a district court shall entertain an application for a writ of habeas corpus in behalf of a person *in custody* pursuant to the judgment of a State court only on the ground that he is *in custody* in violation of the Constitution or laws or treaties of the United States." (Emphasis added). Thus, the threshold

---

[1] According to respondent, petitioner completed serving his sentence and was discharged from the Nassau County Correctional Center ("NCCC") on April 23, 2007, and he was never subjected to any form of post-release supervision related to his February 27, 2007 judgment of conviction. Petitioner is presently in custody on a subsequent judgment of conviction unrelated to his February 27, 2007 judgment of conviction, (Respondent's Notice of Motion to Dismiss Habeas Corpus Petitioner, Declaration in Support and Memorandum of Law [Resp. Mem.], Exs. A and B), and he is not challenging his current sentence on the ground that it was enhanced based upon his February 27, 2007 judgment of conviction.

3

showing that a habeas petitioner must make is that he or she is "'in custody' under the conviction or sentence under attack at the time [the] petition is filed." Maleng v. Cook, 490 U.S. 488, 490-491, 109 S. Ct. 1923, 104 L. Ed. 2d 540 (1989); see also Lackawanna County District Attorney v. Coss, 532 U.S. 394, 401, 121 S.Ct. 1567, 149 L.Ed.2d 608 (2001) (holding that "[t]he first showing a § 2254 petitioner must make is that he is in custody pursuant to the judgment of a State court." (Internal quotations and citation omitted))

The "in custody" requirement of the habeas statute is "very liberally construed." Maleng, 532 U.S. at 492, 109 S.Ct. 1923. However, although the "in custody" requirement of the habeas statute does not require that the petitioner be physically confined before he may challenge his sentence on habeas review, id. at 491, 109 S.Ct. 1923, if the sentence imposed for the challenged conviction has fully expired at the time the petition is filed, the petitioner is not "in custody" for the purposes of the habeas statute and, thus, a federal habeas court does not have subject-matter jurisdiction over the proceeding. Id. at 491-492, 494, 109 S.Ct. 1923 (refusing to extend the "in custody" requirement of federal habeas review to situations "where a habeas petitioner suffers no present restraint from a conviction.")

As petitioner was no longer "in custody" in connection with his February 27, 2007 judgment of conviction at the time he filed his petition, respondent's motion to dismiss is granted and the petition is dismissed in its entirety without prejudice for lack of jurisdiction.

III. CONCLUSION

Respondent's motion to dismiss is granted and the petition is dismissed in its entirety without prejudice for lack of jurisdiction. Since petitioner has failed to make a substantial

4

showing of a denial of a constitutional right, see, e.g. Finkelstein v. Spitzer, 455 F.3d 131, 133 (2d Cir. 2006) (denying a certificate of appealability because petitioner was no longer in custody in connection with his challenged convictions at the time he filed his habeas corpus petition), a certificate of appealability will not issue. 28 U.S.C. § 2253; see also Miller-El v. Cockrell, 537 U.S. 322, 336, 123 S. Ct. 1029, 154 L.Ed.2d 931 (2003); Luciadore v. New York State Div. of Parole, 209 F.3d 107, 112 (2d Cir. 2000); Kellogg v. Strack, 269 F.3d 100, 102 (2d Cir. 2001). Petitioner has a right to seek a certificate of appealability from the Court of Appeals for the Second Circuit. See, 28 U.S.C. § 2253. The Clerk of the Court is directed to close this case.

SO ORDERED.

———————————————
SANDRA J. FEUERSTEIN
UNITED STATES DISTRICT JUDGE

Dated: March 2, 2011
Central Islip, New York

5